IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| ETHAN MOORE, | ) |
| | ) |
|     Petitioner, | ) |
| v. | )    Civil Action No. 5:11-0521 |
| | ) |
| JOEL ZIEGLER, | ) |
| | ) |
|     Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

**FACT AND PROCEDURE**

**A.**    **Criminal Action No. 3:99-cr-0090:**

On August 9, 1999, Petitioner was convicted in this District of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. United States v. Moore, Case No. 3:99-cr-0090 (S.D.W.Va. Nov. 30, 1999), Document Nos. 38 and 39. On November 30, 1999, the District Court sentenced Petitioner to life imprisonment. Id., Document Nos. 55 and 56. On December 8, 1999, Petitioner filed a Notice of Appeal. Id., Document No. 58. In his appeal,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner argued that the District Court erred by (1) using the Base Offense Level for attempted murder; and (2) declining to grant him a reduction in his Offense Level for acceptance of responsibility. Id., Document No. 70. On September 12, 2000, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Moore, 230 F.3d 1355 (4th Cir. 2000)(unpublished). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on March 26, 2001. Moore v. United States, 532 U.S. 953, 121 S.Ct. 1426, 149 L.Ed.2d 365 (2001).

**B.     First Section 2255 Motion:**

On December 19, 2000, Petitioner filed in a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 72. As grounds for relief, Petitioner asserted that (1) he was denied effective assistance of counsel, (2) his guilty plea was not voluntary or intelligent, and (3) his conviction was obtained by use of a coerced confession. Id. On February 12, 2001, the United States filed its Response. Id., Document No. 77. By Proposed Findings and Recommendation entered on April 4, 2002, United States Magistrate Judge Maurice G. Taylor recommended that Petitioner's Section 2255 Motion be denied. Id., Document No. 79. Petitioner did not file Objections. By Memorandum Opinion and Order entered on April 24, 2002, United States District Judge Charles H. Haden adopted Judge Taylor's recommendation and dismissed Petitioner's Section 2255 Motion. Id., Document No. 80. On December 1, 2003, Petitioner filed a Notice of Appeal. Id., Document No. 82. The Fourth Circuit denied Petitioner's appeal as untimely on March 19, 2004. United States v. Moore, 90 Fed.Appx. 55 (4th Cir. 2004).

**C.     Second Section 2255 Motion:**

On December 29, 2003, Petitioner filed his second Motion to Vacate, Set Aside or Correct

Sentence under 28 U.S.C. § 2255. Id., Document No. 87 and 88. As grounds for relief, Petitioner again asserted that his guilty plea was involuntary and that he received ineffective assistance of counsel. Id. On July 8, 2004, Petitioner filed a Memorandum in Support asserting that he was entitled to relief based upon Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Id., Document No. 102. On July 22, 2004, the United States filed a Motion to Dismiss. Id., Document No. 104. On August 2, 2004, Petitioner filed his Response in Opposition to the United States' Motion to Dismiss. Id., Document No. 107. By Proposed Findings and Recommendation entered on January 4, 2006, Judge Taylor recommended that the District Court deny Petitioner's Section 2255 Motion as successive. Id., Document No. 115. Petitioner filed his Objections on January 17, 2006. Id., Document No. 116. By Memorandum Opinion and Order entered on January 18, 2006, United States District Judge Joseph R. Goodwin adopted Judge Taylor's recommendation and dismissed Petitioner's Motion as successive. Id., Document Nos. 117 and 118.

**D.    Motion under 28 U.S.C. § 2244:**

By Order entered on August 15, 2006, the Fourth Circuit Court of Appeals denied Petitioner's Motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 123; In re: Ethan Jerome Moore, Case No. 06-479 (4th Cir. 2006).

**E.    Second Motion under 28 U.S.C. § 2244:**

By Order entered on February 4, 2009, the Fourth Circuit Court of Appeals denied Petitioner's Motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 125; In re: Ethan Jerome Moore, Case No. 09-106 (4th Cir. 2009).

**F.      Third 2255 Motion:**

On November 18, 2009, Petitioner filed a "Motion to Correct Clear Sentencing Error in Order to Prevent a Manifest Injustice," which the Court construed as his third Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 126, 127, 141. As grounds for relief, Petitioner argued that the District Court erred by determining Petitioner to be an armed career criminal under 18 U.S.C. § 924(e). Id., Document Nos. 126 and 127. Specifically, Petitioner claimed that two of the three prior offenses used to qualify him as an armed career criminal did not meet the criteria of a predicate offense under the express language of the statute. Id. On May 19, 2010, the United States filed its Response in Opposition arguing that Petitioner's Motion should be dismissed as successive. Id., Document No. 143. On June 7, 2010, Petitioner filed his Reply arguing that his Motion was filed pursuant to 18 U.S.C. § 3582(c)(1)(B), and not 28 U.S.C. § 2255. Id., Document No. 149. On August 1, 2011, Petitioner filed his "Request for Leave to Withdraw the Motion to Correct Clear Sentencing Error in the Above Captioned Case." Id., Document No. 159. By Proposed Findings and Recommendation entered on August 19, 2011, United States Magistrate Judge Cheryl A. Eifert recommended that Petitioner's Motion to Correct Clear Sentencing Error be denied as a successive Motion under 28 U.S.C. § 2255 and his Motion to Withdraw be denied. Id., Document No. 161. By Memorandum Opinion and Order entered on September 16, 2011, United States District Judge Robert C. Chambers adopted Judge Eifert's recommendation and dismissed Petitioner's Motion. Id., Document Nos. 162 and 163.

**G.      Section 2241 Petition:**

On February 9, 2011, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 1:11-0088, Document No. 1.) First, Petitioner asserts that he is actually

innocent of being an armed career criminal under 18 U.S.C. § 924(e). (Document No. 2.) Petitioner argues that his prior serious drug conviction used to qualify him as an armed career criminal does not meet the criteria of a predicate offense. (Id., pp. 6 - 9.) Petitioner explains that his drug conviction was improperly considered because "the 1990 predicate drug conviction was punishable by a maximum term of 16 months imprisonment as prescribed by law." (Id., pp. 8 - 9.) Thus, Petitioner claims that "the record makes clear the August 13, 1990, predicate drug conviction used to qualify him as an armed career criminal is not a serious drug offense as defined by § 924(e)(2)(A)(I)." (Id., p. 10.) Next, Petitioner contends he is entitled to relief under Section 2241 because "Title 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention and no other remedy or avenue for judicial review is available to him." (Document No. 2, pp. 3 and 13.) Therefore, Petitioner requests that the Court "issue an Order directing Petitioner be resentenced without the Armed Career Criminal Act." (Id., p. 14.) As Exhibits, Petitioner attaches the following: (1) A copy of his Superseding Indictment as filed in Criminal Action No. 3:99-0090 (Id., pp. 15 - 16.); and (2) A copy of his Sentencing Transcripts as filed in Criminal Action No. 3:90-0057 (Id., pp. 17 - 25.).

## **ANALYSIS**

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief." Boysaw v. United States, 2011 WL 2634882 at *2 (S.D.W.Va.)(District Judge Berger). Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the

name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section 2241 is upon the execution of a prisoner's sentence, not upon the validity of his conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless, under Section 2255's savings clause, there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Before considering a petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under

6

section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000) (outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden).

     First, Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying conviction. Petitioner argues that the prior drug conviction used to qualify him as an armed career criminal does not meet the criteria of a predicate offense for purposes of the Armed Career Criminal Act. Thus, Petitioner is clearly challenging the validity of his sentence and requesting that he be re-sentenced without the armed career criminal enhancement. Petitioner, however, has not shown and it does not appear that there is any basis for concluding that Section 2255 is inadequate or ineffective to test the legality of Petitioner's detention. As stated above, the fact that relief under Section 2255 is barred by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. Additionally, Petitioner's challenge to

the validity of his *sentence* does not meet the requirements of the saving clause. Petitioner's claim is therefore properly considered under Section 2255, not under Section 2241.[2] Having filed a Section 2255 Motion and that Motion having been dismissed, Petitioner's recourse is to seek permission to file a second or successive Section 2255 Motion for consideration of his claim from the Fourth Circuit Court of Appeals. 28 U.S.C. §§ 2255(h)(2).[3] Accordingly, Petitioner's claim cannot be considered under Section 2241 and should be dismissed. See United States v. Deibert, 2009 WL 2338002 at * 2 (W.D.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) without prejudice and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C.

---

[2] Section 2255(a) provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[3] To obtain certification from the Court of Appeals, Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 8, 2013.

R. Clarke VanDervort
United States Magistrate Judge