IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ETHAN JEROME MOORE,

          Petitioner,

v.                                       CIVIL ACTION NO. 5:11-cv-00521

JOEL ZIEGLER,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

On this day, the above-styled matter came before the Court upon consideration of the Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person In State or Federal Custody ("Pet.'s Section 2241 App.") (Document 1) and the Memorandum of Law in Support of Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Pet.'s Section 2241 Mem.") (Document 2), wherein Petitioner asserts that as a result of a substantial change in law, he is actually innocent of a predicate serious drug offense supporting his armed career criminal classification under 18 U.S.C. § 924(e). By Standing Order (Document 3) entered on August 1, 2011, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. The Magistrate Judge has submitted findings of fact and has recommended that the Court dismiss Petitioner's Section 2241 Application and remove this matter from the Court's docket. (Proposed Findings and Recommendation ("PF&R") (Document

13)). Petitioner has timely objected to this disposition. (Petitioner's Objections to the Proposed Findings and Recommendations ("Pet.'s Obj.") (Document 18).

Upon consideration of the PF&R and Petitioner's submissions, the Court finds that the Petitioner's objections to the PF&R are without merit, that the Magistrate Judge's PF&R should be adopted, and that Petitioner's Section 2241 Application should be denied.

I.

On August 9, 1999, in this Judicial District, Petitioner pled guilty to a Superseding Indictment which charged him with the offense of possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1). (*United States v. Moore*, Crim. No. 3:99-cr-00090 (S.D. W. Va. Nov. 30, 1999)) (Haden, J.).[1] On November 23, 1999, the Court sentenced Petitioner to life imprisonment.[2] Petitioner appealed his conviction by challenging the sentencing court's (1) use of the base offense level for attempted murder by contending that he lacked the requisite intent to be sentenced under that guideline and (2) its denial of the offense level reduction for acceptance of responsibility. On September 12, 2000, the Fourth Circuit Court of Appeals affirmed Petitioner's

---

1  The Superseding Indictment alleged that Petitioner had been convicted of three crimes, each of which constituted a violent felony or serious drug offense, as defined in 18 U.S.C. § 924(e)(2), and each punishable by a term of imprisonment exceeding one year, as defined in 18 U.S.C. § 921(a)(20). (Pet.'s Mem. at 15-16). Specifically, to support the armed career criminal offense of conviction, the Government relied on the following list of Petitioner's previous convictions:

   a. January 5, 1982 West Virginia state conviction of second degree murder, in violation of W. Va. Code § 61-2-3.
   b. August 13, 1990 conviction in this Court for possession with intent to distribute and causing possession with intent to distribute cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
   c. November 9, 1990 West Virginia state conviction for two counts of malicious wounding, in violation of W. Va. Code § 61-2-9.

(*Id.*)

2  It appears from the record that Petitioner's sentence was driven in large part by the sentencing court's findings relative to his relevant conduct and a criminal history that represented Category VI.

conviction and sentence. *United States v. Moore*, 230 F.3d 1355, 1355 (4th Cir. 2000), *cert denied*, 532 U.S. 953 (2001)). In doing so, the Court detailed the conduct that led to Petitioner's criminal offense: Petitioner broke into his wife's home, stole a firearm, and began a violent chain of events that culminated with the shooting of his wife and her brother in the head and striking his mother-in-law with a gun. (*Id.*) The violence ended with a law enforcement officer firing upon and wounding Petitioner. (*Id.*) The Fourth Circuit found that the district court's classification of Petitioner's conduct as attempted murder was proper given his "repeated statements that he intended to kill his estranged wife and her family[]" and that the sentencing court's denial of a reduction for acceptance of responsibility was supported by the record. (*Id.*)

In the nearly thirteen years that followed this direct appeal, Petitioner has unsuccessfully challenged his conviction and sentence on several occasions. The Court has reviewed the procedural posture of these challenges as set forth in the Magistrate Judge's Proposed Findings and Recommendations (PF&R at 1-4) and finds that Petitioner does not dispute that history. Consequently, the Court adopts the Magistrate Judge's discussion of Petitioner's post-conviction litigation.

However, for context of this opinion, the Court observes that Petitioner has filed at least two Section 2255 motions. The first of these was filed on December 19, 2000, and denied on the merits on April 24, 2002. The Fourth Circuit Court of Appeals dismissed as untimely Petitioner's appeal of this denial on March 19, 2004. (*United States v. Moore*, 90 F.App'x 55 (4th Cir. 2004)). On December 29, 2003, Petitioner filed his second Section 2255 motion.[3] However, on January

---

[3] Among other things, Petitioner alleged that his counsel was ineffective in his consideration, explanation and arguments relevant to the United States Sentencing Guideline calculations, and that he did not qualify as an armed career criminal because his August 1990 drug conviction did not subject him to a maximum penalty of ten years imprisonment as is required by 18 U.S.C. § 924(e).

3

18, 2006, the filing was found to be a second or successive Section 2255 motion filed without pre-filing authorization as set forth in 28 U.S.C. § 2244(b)(3)(A). (*Moore v. United States*, Civil No. 3:03-cv-02503 (S.D. W. Va. Jan. 18, 2006)).[4] Additionally, Petitioner twice sought permission from the Fourth Circuit to file a successive application for relief, pursuant to 28 U.S.C. § 2244. The Court of Appeals denied each request. (*See In re: Ethan Jerome Moore*, No.09-106 (4th Cir. Feb. 4, 2009); *In re: Ethan Jerome Moore*, No.06-479 (4th Cir. Aug. 17, 2006)).

More recently, on November 18, 2009, Petitioner filed in this court a Motion to Correct Clear Sentencing Error in Order to Prevent a Manifest Injustice, wherein he disputed any finding that he is an armed career criminal on the basis that two of his prior offenses supporting the armed career criminal designation were not qualifying offenses. (*Moore v. United States*, Civil No. 3:09-cv-01262 (S.D. W. Va. Sept. 16, 2011)) (Chambers, J.).[5] The assigned Magistrate Judge found that the motion should be construed as a Section 2255 motion, that Petitioner had not received authorization from the Fourth Circuit to file a second or successive Section 2255 motion, that the Court lacked jurisdiction to consider the submission, and that Petitioner had not asserted sufficient grounds to properly characterize his motion as a Section 2241 petition. (*Moore v. United States*, Civil No. 3:09-cv-01262, 2011 WL 4352399, at *5 (S.D. W.Va. Aug. 19, 2011). Petitioner did not file any objection to the Magistrate Judge's findings and recommendation. Accordingly, on September 16, 2011, the District Court adopted the Proposed Findings and Recommendation, denied Petitioner's motions and dismissed the civil action. The record does not reflect that Petitioner appealed this ruling.

---

4  It appears that Petitioner appealed this dismissal. However, on March 13, 2006, the Fourth Circuit Court of Appeals dismissed the appeal for failure to prosecute pursuant to its Local Rule 45. (*See* Order of 4CCA (Document 121), *United States v. Moore*, Crim No. 3:99-cr-00090 (Nov. 30, 1999)).

5  *See supra* n.1 (January 1982 and August 1990 convictions).

*II.*

In this case, Petitioner "request[s] that he be permitted to challenge the legality of his detention through the writ of habeas corpus pursuant to 28 U.S.C. § 2241" and that this court "hold Section 2255 . . . is inadequate or ineffective to test the legality of [his] detention." (Pet.'s Section 2241 Mem. at 13-14.) Petitioner argues that he is actually innocent of "being an armed career criminal as defined in . . . 18 U.S.C. § 924(e)(1)." (*Id*. at 2.) Specifically, he contends that his August 13, 1990 conviction of possession with the intent to distribute and causing the possession with the intent to distribute cocaine base, in violation of 21 U.S. C. § 841(a)(1) and 18 U.S.C. § 2, does not satisfy the definition of a "serious drug offense" as defined by Section 924(e)(2)(A)(i). Petitioner argues that at the time of his 1990 conviction and the underlying conviction in this case in 1999, the Sentencing Guidelines were mandatory. As such, Petitioner contends that the maximum penalty to which he could be sentenced was derived not from the applicable statute, but from the Sentencing Guidelines. (*Id*. at 7) (citing *United States v. Booker*, 543 U.S. 220 (2005)). In this vein, Petitioner argues that under the mandatory scheme of the Sentencing Guidelines, his 1990 conviction resulted in a total offense level of 10 and that he had a criminal history category of III. According to Petitioner, these factors produced a guideline range of 10 to 16 months of imprisonment which establishes that the maximum penalty he could receive for his 1990 conviction was sixteen months. Consequently, Petitioner argues that given this sixteen-month maximum sentence, his 1990 conviction cannot satisfy the definition of a serious drug offense as defined in Section 924(e).

Additionally, to reinforce his assertion that Section 2241 is the proper vehicle to assert this challenge to his conviction and sentence, Petitioner argues that his "life term of imprisonment is

5

the result of the armed career criminal enhancement for which the record conclusively establishes [he] is actually innocent." (*Id*. at 10.) Petitioner argues that without the armed career criminal designation under Section 924, he would have been subjected to a maximum ten year sentence for violating 18 U.S.C. § 922(g) and that he "necessarily would have received a significantly lower sentence absent the armed career criminal enhancement." (*Id*.) Consequently, Petitioner argues that he has been prejudiced by the use of his 1990 conviction as a predicate offense of Section 924(e). Petitioner argues that at the time of his conviction, the maximum penalty prescribed by law for his violation of 21 U.S.C. § 841(a)(1) in the 1990 conviction was twenty years; that after he filed his direct appeal and first Section 2255 motion, the Supreme Court "changed the law and explained that the maximum penalty prescribed by law was the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict of [sic] admitted by the defendant, not the minimum and maximum set by the statute for the offense of conviction;" and that he cannot satisfy the gatekeeping provisions of Section 2255 because this change in law is not one of constitutional law.   (*See id*. at 13.)

In sum, Petitioner asks this Court to issue an order directing that he be resentenced without the Armed Career Criminal Act, or alternatively, if the Court requires further briefing, that he be assigned counsel to assist him in the preparation of the brief and at any hearing before the Court. (*Id*. at 14.)   Petitioner is serving his sentence at FCI Beckley in Beaver, West Virginia.

On February 8, 2013, the assigned Magistrate Judge submitted his PF&R (Document 13), wherein he found: that Petitioner is clearly challenging the validity of his sentence; that he did not allege an intervening change in the law that establishes his actual innocence of the underlying conviction; that he failed to show that a Section 2255 motion is inadequate or ineffective to test the legality of his detention; that his challenge to the validity of his *sentence* does not meet the

requirements of the savings clause and that Petitioner's claim should be construed under Section 2255.  (*Id*. at 7-8.)   In his consideration of whether Section 2255 is inadequate or ineffective to test the legality of Petitioner's detention pursuant to the standard set forth in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), Magistrate Judge VanDervort found that the Fourth Circuit has not recognized an entitlement to proceed under Section 2241, by way of the "savings clause" of Section 2255, when an inmate challenges his *sentence*. (PF&R at 6 )(citing *United States v. Poole*, 531 F.3d 263, 267, n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.")).   Magistrate Judge VanDervort then concluded that the remedy under Section 2255 is not inadequate or ineffective with respect to Petitioner's claim and that since Petitioner has previously filed a Section 2255 motion, his "recourse is to seek permission to file a second or successive Section 2255 motion for consideration of his claim from the Third Circuit Court of Appeals."   (*Id*. at 8.)

On March 6, 2013, Petitioner timely submitted his objections to the PF&R, wherein he asserts that Magistrate Judge VanDervort erroneously "limited [his] challenge to his sentence" (Pet.'s Obj. at 3).   Petitioner asserts that he is challenging both his conviction for being an armed career criminal and his sentence. (*Id*. at 4.)   Petitioner maintains that his conviction as an armed career criminal is erroneous in that he is actually innocent of one of the predicate offenses supporting the conviction; that he is now being subjected to a sentence that the law cannot impose upon him and that the procedural rules [presumably of Section 2241] must yield to "a fundamentally unjust incarceration."   (*Id*. at 5.)   Petitioner also challenges the Magistrate Judge's reliance on *United States v. Poole* by asserting that the court in that case considered a career offender enhancement, not the armed career enhancement, and maintains that Section 2241 is the proper vehicle for his challenge. (*Id*. at 6.)   He also argues that serving a life sentence

supported by a predicate offense of which he is "actually innocent" renders the Antiterrorism and Effective Death Penalty Act (AEDPA) unconstitutional. (*Id*. at 8.)[6] Petitioner requests that this court reject the PF&R, issue an order directing the Respondent to show cause why he should not be granted relief, and then assign him counsel to assist in any further proceedings. (*Id*. at 10).

### III.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF & R *de novo*, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### IV.

Petitioner seeks to challenge the validity of his conviction and sentence imposed for his violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1). The statutory framework for

---

6  In support of this contention, Petitioner asserts that he is unskilled in legal matters and that it would take him "weeks" to develop "an argument addressing how procedural barriers affect the Constitutional privilege of the writ of habeas corpus." (*Id*. at 8.) Consequently, he asks this Court to "apply the proper construction of Constitutional Law" or alternatively, should the Court require him to address the issue, grant him an extension of time to prepare the contention. (*Id*.) In light of the disposition of this matter herein, the Court finds no reason to permit supplemental briefing on this contention.

post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. Generally, a federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a),[7] *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc), whereas a Section 2241 petition attacks the manner in which a sentence is executed. 28 U.S.C. § 2241(a). "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008). A challenge to the calculation of a defendant's sentence or the application of sentencing guideline provisions is proper in the post-conviction vehicle of a Section 2255 motion.

Here, there seems to be no dispute that in the ordinary manner, the thrust of Petitioner's challenge should be borne in a Section 2255 motion. The record clearly sets forth that Petitioner has utilized the Section 2255 vehicle previously and that he does not have authorization from the Fourth Circuit Court of Appeals to assert a second or successive 2255 motion.[8] Not surprisingly,

---

[7] Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a).

[8] Petitioner did not challenge the predicate offenses underlying his conviction in his appeal or his first Section 2255 motion.

9

Petitioner now pursues the benefit of the limited exception by which a post-conviction challenge may be raised in a Section 2241 petition, under the oft-referenced "savings clause" of Section 2255. Section 2255(e) of Title 28 provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis supplied). A petitioner wishing to assert a challenge to the validity of his sentence may not bring a Section 2241 Petition until he has shown that Section 2255 is an inadequate or ineffective remedy. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34; *Darden v. Stephens*, No.10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011) (unpublished decision). Relevant to the matter currently before this Court, the "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[,]" (*Vial*, 115 F.3d at 1194) or "merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit Court of Appeals has recognized that the savings clause applies in only very limited circumstances. The Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished

decision); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Magistrate Judge VanDervort appropriately concluded that Petitioner's claim does not fall within the ambit of the savings clause as he cannot satisfy each of the elements set forth in *Jones*. Particularly, Petitioner cannot satisfy the second element of the *Jones* test because he cannot show that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *Jones*, 226 F.3d at 333-34. The Fourth Circuit's specific language in *Jones* contemplates an instance in which a prisoner is imprisoned for an offense that is no longer a crime.[9] Such is not the case here. Petitioner's underlying conviction for the possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1), remains an act that the law continues to criminalize. Moreover, Petitioner's contention, that one of the predicate offenses used to support the armed career criminal sentencing enhancement is not valid, is without merit.

At the time of his 1999 conviction, Section 924(e)(1) provided that a person violating Section 922(g) who has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another such person shall be . . . imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1) (1999). Relevant to this discussion, the term "serious drug offense" is defined as:

> an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C.

---

[9] In *Jones*, the petitioner was convicted of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), based on constructive possession of firearms. Subsequent to the petitioner's unsuccessful Section 2255 motion challenging his sentence, the Supreme Court, in *Bailey v United States*, 516 U.S. 137 (1995) held that "use" of a firearm under Section 924(c)(1) required the "active employment of a firearm." Petitioner was precluded from filing a successive Section 2255 motion because the decision in *Bailey* did not constitute a new retroactive rule of constitutional law or constitute newly discovered evidence. The Fourth Circuit held that, under that circumstance, a Section 2255 motion was inadequate to test the legality of the petitioner's detention and permitted the use of the Section 2241 petition.

>951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.), for which *a maximum term of imprisonment* of ten years or more is prescribed by law[.]

18 U.S.C. § 924(e)(2)(A)(i) (1999) (emphasis added).  Petitioner was convicted in August 1990 of possession with intent to distribute and causing possession with intent to distribute cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  At the time of his 1990 conviction, the statutory maximum sentence for that offense of conviction was twenty years. 21 U.S.C. § 841(b)(1)(C); *see* Pet.'s Section 2241 Mem. at 13; Pet.'s Obj. at 2 (wherein Petitioner acknowledges the twenty year maximum).  However, Petitioner asserts that the maximum penalty for which he could have been sentenced as a result of his 1990 drug conviction was the top of the guidelines range, or sixteen months.  Assuming, without finding, that Petitioner is correct about the applicable guideline range for his August 1990 drug offense (10 to 16 months), this Court finds Petitioner's argument unavailing.  The sentencing judge in the mandatory scheme of the United States Sentencing Guidelines, which were in effect at the time of Petitioner's conviction, could have varied upward from this range and sentenced Petitioner to a term of imprisonment that did not exceed the statutory maximum.  Consequently, the maximum penalty for which Petitioner could have been sentenced is that which was provided in the relevant statute, twenty years.  The Court finds support in this reasoning in *Rodriquez v. United States*, wherein the Supreme Court of the United States considered the term "maximum term of imprisonment . . . prescribed by law" for the "offense" as used in the ACCA and found that this term "was not meant to apply to the top sentence in a guidelines range."  *Rodriquez v. United States*, 553 U.S. 377, 390 (2008).  The Supreme Court explained that "the top sentence in a guidelines range is generally not really the 'maximum term . . . prescribed by law' for the 'offense' because guidelines systems typically allow a sentencing judge to impose a sentence that exceeds the top of the guidelines range under

12

appropriate circumstances." (*Id.*) (referring to mandatory guidelines schemes not dissimilar to the scheme in place at the time of Petitioner's 1990 conviction.) The Court then considered that the "concept of the 'maximum' term of imprisonment or sentence prescribed by law" was used by many statutes which predated the Federal Sentencing Reform Act of 1984 and the ACCA, and concluded that the concept of the term "necessarily referred to the maximum term prescribed by the relevant criminal statute, not the top of a sentencing guideline range." (*Id*. at 391.) *See also Gilbert v. United States*, 640 F.3d 1293, 1307 (11th Cir. 2011) (en banc) (rejecting the argument asserted by Petitioner here by stating, "To the extent of any inconsistency, the guidelines would have to bend to statutorily prescribed limits, not the other way around.") (citing U.S.S.G. § 5G1.1(a)–(b) (stating that when the statutory maximum is less than the minimum of the applicable guidelines range, or when the statutory minimum is greater than the maximum of the applicable guidelines range, the statutory maximum and minimum prevail).

Given the guidance of the *Rodriquez* court, this Court cannot find that Petitioner's August 1990 drug offense does not support the armed career criminal sentencing enhancement or that "subsequent to [his] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal." In light of the foregoing *de novo* review of Petitioner's claim, the Court finds that Petitioner cannot satisfy the *Jones* standard to demonstrate that Section 2255 is inadequate or ineffective. Therefore, he cannot invoke the use of the savings clause. The remedy of Section 2255 is not inadequate or ineffective simply because relief has become unavailable due to prohibition of successive petitions, a procedural bar for failing to raise an issue on direct appeal or due to a limitation bar. *Vial*, 115

F.3d at 1194, n.5. (citations omitted).[10] Petitioner's claim is of the nature of those properly asserted in a Section 2255 motion. This Court cannot consider the instant petition as a Section 2255 motion because Petitioner has not sought the requisite authorization to file a successive Section 2255 petition. Therefore, after careful consideration of the record and the precedent of this Circuit, the Court finds that the disposition recommended by the Magistrate Judge should be adopted. Accordingly, this petition is dismissed.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

*VI.*

For the reasons stated above, the Court **ORDERS** that the Magistrate Judge's Proposed Findings and Recommendation (Document 13) be **ADOPTED** and that Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person In State or Federal Custody

---

10   Additionally, the Petitioner asserts that "procedural barriers" of the AEDPA "affect the Constitutional privilege of the Writ of Habeas Corpus." To the extent that Petitioner is asserting that the limits placed on Section 2255 by the AEDPA constitutes a suspension of the writ of habeas corpus, this argument is foreclosed by *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996) (Supreme Court determined that the AEDPA provision limiting second and successive habeas corpus petitions by persons convicted in state courts (Section 2254) do not constitute a suspension of the writ); *Vial*, 115 F.3d at 1197-98 (extending the *Felker* analysis to Section 2255 motions); *see also Gilbert*, 640 F.3d at 1316-1318 (discussing the Suspension Clause and post-conviction motions).

(Document 1) be **DISMISSED**. The Court further **ORDERS** that this case be stricken from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 24, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA